October 1, 2014

<u>BY ECF FILE</u>

Ms. Margaret Carter
United States Court of Appeals for the First Circuit
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2500
Boston, MA 02210

Re:   *AF Holdings LLC v. Sandipan Chowdhury*
      No. 13-2535

Dear Ms. Carter:

The undersigned respectfully submits the attached Ruling Denying Motion for Default Judgment issued on September 24, 2014, in *AF Holdings, LLC v. Elliot Olivas*, No. 3:12-cv-01401 (JBA) (D. Conn.) ("Opinion"). In that case, counterplaintiff Elliot Olivas was represented by attorneys Daniel Booth and Jason Sweet, who are counsel of record for appellee Sandipan Chowdhury.

In its Opinion, the district court denied Olivas' motion for default judgment, which was substantively identical to the motion for default judgment at issue in this appeal. The district court found that the Supreme Court's decision in *Peacock v. Thomas*, 516 U.S. 349 (1996) deprived it of subject matter jurisdiction to enter judgment against AF Holdings' alleged alter egos: Mr. Steele, Mr. Hansmeier, Mr. Duffy, Mr. Lutz, and Prenda Law, Inc. Opinion at 12–14.

While this argument was not presented below or to this Court, it is also "black-letter law that a federal court has an obligation to inquire sua sponte into its own subject matter jurisdiction." *McCulloch v. Velez*, 364 F.3d 1, 5 (1st Cir. 2004). This Court has previously interpreted *Peacock* to prevent a federal district court from exercising subject matter jurisdiction over a request to enter judgment against an alleged alter ego of a judgment debtor. *See U.S.I. Props. Corp. v. M.D. Constr. Co.*, 230 F.3d 489, 496 (1st Cir. 2000). For this reason, it appears that the district court lacked subject matter jurisdiction to enter judgment against Appellants Steele, Duffy and Hansmeier, as well as non-appellants Mark Lutz and Prenda Law, Inc.

Respectfully submitted,

s/Paul Hansmeier

cc:   All counsel (via ECF)