# BOOTH SWEET LLP

32R Essex Street  Cambridge, MA 02139
T: 617.250.8602 | F: 617.250.8883 | www.boothsweet.com

October 3, 2014

BY ECF FILE

Margaret Carter, Clerk
John Joseph Moakley U.S. Courthouse
1 Courthouse Way
Boston, MA 02210

Re:   *AF Holdings, LLC v. Sandipan Chowdhury*, No. 13-2535 (1st Cir.)

Dear Ms. Carter:

Appellee Sandipan Chowdhury, pursuant to Federal Rule of Appellate Procedure 28(j), respectfully responds to Appellant Paul Hansmeier's October 1, 2014 submission of an order in *AF Holdings, LLC v. Olivas*, No. 3:12-cv-01401 (JBA) (D. Conn. Sept. 24, 2014).

The *Olivas* order is inapposite. It declined to address preclusive determinations that Appellants use AF Holdings as an alter ego shell, *see* Appellee's Brief pp. 39-49—a relationship that Appellants did not deny in their Opening Brief to this Court, or to the court below. The *Olivas* court found only that it had not been shown why, on a motion for default judgment against AF Holdings, the alter ego issue was within the court's enforcement jurisdiction.

The district court in *Chowdhury* properly exercised enforcement jurisdiction over Appellants. *See* Appellee's Brief at 26 (citing *Fafel v. DiPaola*, 393 F.3d 403, 411 (1st Cir. 2005) and *Zimmerman v. Puccio*, 613 F.3d 60, 75 (1st Cir. 2010)). Enforcement jurisdiction extends "as far as required to effectuate a judgment." *Fafel*, 393 F.3d at 411 (*citing Peacock v. Thomas*, 516 U.S. 349, 359 (1996)). Appellants neither denied the propriety of enforcement jurisdiction on appeal, as Hansmeier concedes, nor in the court below, and "theories not raised squarely in the lower court cannot be surfaced for the first time on appeal." *McCoy v. Mass. Inst. of Tech.*, 950 F. 2d 13, 22 (1st Cir. 1991). Moreover, Appellants appealed only their denied Rule 60(b) motions to set aside default judgment. They did not oppose (as Appellant Steele did in *Olivas*) entry of the underlying judgment itself. They may not contest that judgment now because "an appeal from the denial of a Rule 60(b) motion is not a surrogate for a seasonable appeal of the underlying judgment." *Karak v. Bursaw Oil Corp.*, 288 F.3d 15, 19 (1st Cir. 2002); *accord In re Gonzalez*, 490 B.R. 642, 646 (Bankr. 1st Cir. 2013); *United States v. One Rural Lot No. 10,356*, 238 F.3d 76, 79 (1st Cir. 2001) (Rule 60(b)(4) motion). Hansmeier's letter is also untimely.

Respectfully submitted,

Jason E. Sweet
Counsel for Appellee Sandipan Chowdhury

## CERTIFICATE OF SERVICE

    I hereby certify that on October 3, 2014, an electronic PDF of Appellee's response letter pursuant to Federal Rule of Appellate Procedure 28(j) was uploaded to the Court's CM/ECF system, which will automatically generate and send by electronic mail a Notice of Docket Activity to all registered attorneys participating in the case. Such notice constitutes service on those registered attorneys.

                                                  Jason E. Sweet